E-FILED
Friday, 14 November, 2025  11:37:49 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

---

**Rema Hegazy,**
**Plaintiff,**

**v.**

Case No. _____

1. **Illinois Board of Admissions to the Bar (IBAB);**

2. **Alexandra N. Rice, in her individual capacity for actions taken under color of state law, and in her official capacity as Chief Legal Counsel for the Illinois Board of Admissions to the Bar; and**

3. **Paula Ramsey-Brown, in her individual capacity for actions taken under color of state law, and in her official capacity as administrative staff and/or a decision-making official of the Illinois Board of Admissions to the Bar;**

---

## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. § 1983)  AND JURY DEMAND

---

Plaintiff Rema Hegazy alleges as follows:

## I. PARTIES

1. Plaintiff Rema Hegazy ("Plaintiff") is a U.S. resident and an attorney-professional who graduated from an accredited foreign law school. In 2014, the Illinois Board of Admissions to the Bar ("IBAB") approved and admitted Plaintiff under Illinois Supreme Court Rule 715 to sit for the Illinois Bar Examination. Plaintiff has continuously resided in the United States and sat for the Illinois bar examination through February 2024.

1

2.  Defendant Illinois Board of Admissions to the Bar(IBAB) is a state entity responsible for administering bar admissions in Illinois. IBAB is sued for declaratory and injunctive relief.

3.  Defendants Alexandra N. Rice and Paula Ramsey-Brown (collectively, "Defendants") were, at all relevant times, IBAB officials acting under color of state law and within the scope of their employment.

4.  Plaintiff also sues John and Jane Doe IBAB members and officers, whose identities are presently unknown, who participated in, approved, directed,influenced or ratified the decisions and communications denying Plaintiff admission to the bar examination.

-   Defendants are sued in their individual capacities for damages and in their official capacities for declaratory and injunctive relief. Defendants are jointly and severally liable for the harms alleged herein.

## II. JURISDICTION AND VENUE

5.  This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the First and Fourteenth Amendments.

6.  This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343(a)(3)-(4).

7.  Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because IBAB systematically operates in Springfield, Illinois, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III. FACTUAL ALLEGATIONS

8.  In 2014, IBAB reviewed Plaintiff's legal education and professional credentials and granted her approval under Rule 715 to sit for the Illinois Bar Examination.

9.  Rule 715 governs whether a foreign-educated lawyer possesses qualifications substantially equivalent to those of a J.D. graduate, including a requirement of active legal practice for five of the seven years immediately preceding the

application.

10. Plaintiff satisfied all Rule 715 requirements in 2014 and, based on IBAB's approval, obtained a legitimate claim of entitlement to eligibility to sit for the exam and was admitted therefore to the bar examination.

11. For years thereafter, Plaintiff sat for Illinois bar examinations in reliance on the 2014 approval and on the long-standing understanding that Illinois imposes no numeric limit on bar-exam attempts.

12. Due to circumstances beyond Plaintiff's control—including significant illness in July 2023 and immigration status transitions culminating in permanent residency—Plaintiff did not sit for the 2024–2025 cycles.

13. Illinois rules and IBAB practice have permitted applicants to continue to sit for the exam if they re-register within three years of their last attempt. Plaintiff remained eligible into 2026.

14. In October 2025, when Plaintiff attempted to register for the February 2026 administration, IBAB denied admission.

15. IBAB stated that Rule 715 had been "changed" or "re-interpreted" to require foreign-educated applicants to re-establish eligibility by proving new practice activity within the prior five of seven years for each subsequent exam attempt.

16. Rule 715 itself has not been amended in a manner providing for expiration of prior approvals. Rather, IBAB applied a new, previously undisclosed interpretation that burdens previously approved applicants—retroactively requiring renewed proof of recent practice already verified in 2014.

17. The practice activity now demanded would, for Plaintiff, have required conduct that risked unauthorized practice of law or conflicted with federal restrictions that applied during portions of the relevant time, rendering compliance impracticable or impossible.

18. IBAB applied its reinterpretation retroactively to Plaintiff, disregarding her vested eligibility, admissions and eleven years of reliance.

19. U.S.-educated J.D. graduates are not required to re-qualify or demonstrate recent legal practice after graduation and may take or retake the exam many

3

years later.

20. By contrast, IBAB's new interpretation requires foreign-educated applicants previously approved under Rule 715 to re-qualify on every cycle. This unequal treatment places similarly situated applicants in different positions without a rational basis.

21. Plaintiff devoted eleven years of study, fees, and preparation in good-faith reliance on the 2014 approval.

22. As a direct and proximate result of Defendants' conduct, Plaintiff suffered emotional distress, reputational harm, diminished professional opportunity, and financial injury.

23. IBAB maintains exclusive possession and control of Plaintiff's bar-application file, internal correspondence, and eligibility records. Plaintiff will seek appropriate discovery and, where necessary, Court orders for production.

24. Exhibit A is a copy of Plaintiff's 2015 Illinois Bar Examination identification card reflecting prior sitting under Rule 715, and Exhibit B is the correspondence emails between Plaintiff and Defendants about the denial.

## IV. COUNT ONE — DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

(42 U.S.C. § 1983; U.S. Const. amend. XIV; *Schware v. Board of Bar Examiners* (1957))

25. Plaintiff realleges paragraphs 1–24.

26. IBAB's 2014 Rule 715 approval created a legitimate claim of entitlement and a protected property interest in continued eligibility to sit for the examination absent cause and due process.

27. Acting under color of state law, Defendants revoked or effectively nullified that interest without prior published notice, adequate explanation, or a meaningful opportunity to be heard.

4

28. The retroactive application of a new interpretation deprived Plaintiff of procedural due process and, given the reliance interests and arbitrariness alleged, violates substantive due process as well.

## V. COUNT TWO — DENIAL OF EQUAL PROTECTION

(42 U.S.C. § 1983; U.S. Const. amend. XIV; *In re Griffiths 413, U.S. 717* (1973))

29. Plaintiff realleges paragraphs 1–28.

30. Defendants treat foreign-educated applicants who were previously approved under Rule 715 differently from similarly situated domestic J.D. graduates by requiring only the former to re-qualify with recent practice on each cycle.

31. The disparate treatment lacks a rational basis and constitutes intentional or reckless discrimination against foreign-educated candidates, violating the Equal Protection Clause.

## VI. COUNT THREE — CLAIM FOR INJUNCTIVE RELIEF

(Fed. R. Civ. P. 65)

32. Plaintiff realleges paragraphs 1–31.

33. Plaintiff faces irreparable harm because denial of admission to the upcoming bar examination deprives her of a unique professional opportunity not compensable by money damages alone.

34. Plaintiff is likely to succeed on the merits; the balance of equities favors relief; and the public interest supports fair, even-handed access to licensure based on published rules, not undisclosed reinterpretations.

35. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendants from enforcing any rule, policy, or interpretation that requires Plaintiff to re-establish Rule 715 eligibility or otherwise denies her admission to the next Illinois Bar Examination on that basis.

## VII. COUNT FOUR — FIRST AMENDMENT VIOLATION

(42 U.S.C. § 1983; U.S. Const. amends. I & XIV)

36. Plaintiff realleges paragraphs 1–35.

37. Acting under color of state law, Defendants imposed and enforced speech restrictions prohibiting Plaintiff from discussing her bar-admission status, eligibility determinations, or examination outcomes under threat of criminal or professional sanctions.

38. The restriction operates as a prior restraint and compelled silence and is not narrowly tailored to any compelling interest. It burdens Plaintiff's ability to seek advice, obtain counsel, petition the government for redress, and speak about discriminatory treatment.

39. Defendants' actions violate the Free Speech and Petition Clauses of the First Amendment, as incorporated through the Fourteenth Amendment.

## VIII. COUNT FIVE — CONTRACTS CLAUSE (AS-APPLIED)

(U.S. Const. art. I, § 10; amend. V (via XIV); 42 U.S.C. § 1983; *Dartmouth College v. Woodward*, 17 U.S. 518 (1819); *Armstrong v. United States* (1960))

40. Plaintiff realleges paragraphs 1–39.

41. Through its 2014 approval and decade-long course of reliance, the State—acting through IBAB—created mutually explicit understandings and reliance interests recognized by Supreme Court precedent.

42. The State's retroactive reinterpretation substantially impairs those reliance interests and expectations.

43. Any asserted public purpose can be served through prospective regulation; retroactive impairment is neither reasonable nor necessary.

44. Alternatively, if the Court finds the impairment serves a legitimate public purpose, Plaintiff seeks just compensation for the taking of her vested rights, as required by the Fifth Amendment.

6

## IX. DAMAGES

45. Had Defendants disclosed the alleged "obvious" expiration or requalification requirement, Plaintiff would not have spent eleven (11) years preparing for the examination in reliance on her 2014 admission.

46. As a result of the constitutional violations alleged, Plaintiff suffered emotional distress, anxiety, humiliation, reputational harm, lost professional opportunities, preparation and registration losses, and other monetary and non-monetary damages.

47. Plaintiff seeks compensatory damages and punitive damages (against individual-capacity Defendants) in amounts to be proven at trial, for a full 11 years, together with pre- and post-judgment interest as allowed by law, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988. Defendants are jointly and severally liable for the full amount of any damages awarded.

## X. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in her favor and award:

A. Declaratory judgment that Defendants' retroactive reinterpretation and application of Rule 715 violate the First and Fourteenth Amendments (and, as applied, the Contracts Clause).
 B. Preliminary and permanent injunctions prohibiting Defendants from denying Plaintiff admission to the next Illinois Bar Examination based on any requirement that she re-establish Rule 715 eligibility after the 2014 approval, and ordering IBAB to cease discriminatory enforcement practices and provide a fair, nondiscriminatory application process.
 C. Compensatory damages for each Count, in an amount to be determined at trial, but not less than $1,000,000.
 D. Punitive damages against Defendants in their individual capacities, in an amount determined by the jury.
 E. Costs and reasonable attorneys' fees under 42 U.S.C. § 1988.
 F. Any other relief the Court deems just and proper.

## XI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

## VERIFICATION

I, Rema Hegazy, declare under penalty of perjury that the facts stated in this Complaint and attached exhibits are true and correct to the best of my knowledge, information, and belief.

This complaint is not being presented for any improper purpose; the claims are supported by existing law or a non-frivolous argument; the factual contentions have evidentiary support or will after discovery; and the complaint otherwise complies with Rule 11.

**Respectfully,**                                    **Dated: November 13, 2025**

```
/s/ Rema Hegazy
Rema Hegazy
Pro Se Plaintiff
13 Dunlap Circle
Oxford, MI 48371
(248) 803-3190
Rema.Hegazy@icloud.com
```

---

### EXHIBITS

- Exhibit A — Plaintiff's Illinois Bar Examination IDs

- Exhibit B — Emails dated October 17–18, 2025 from Defendants denying Plaintiff's admission

- Additional exhibits to be supplemented