E-FILED
Monday, 13 April, 2026  02:30:19 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| REMA HEGAZY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 25-3349-SEM-DJQ |
| | ) | |
| ILLINOIS BOARD OF ADMISSIONS | ) | |
| TO THE BAR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DOC. 13)

NOW COME the Defendants, ILLINOIS BOARD OF ADMISSIONS TO THE BAR ("IBAB"), PAULA RAMESY-BROWN and ALEXANDRA N. RICE, by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, and hereby respond to Plaintiff's Motion for Preliminary Injunction (Doc. 13), stating as follows:

### INTRODUCTION

Plaintiff is a graduate of a foreign law school who in 2014 was approved under Illinois Supreme Court Rule 715 ("Rule 715") by Defendant IBAB to apply to sit for the Illinois Bar Examination. (Doc. 1 ¶ 1). Rule 715 permits individuals who received their legal education and law degrees from institutions outside of the United States to make an application to sit for the Illinois Bar Examination after meeting certain conditions. Ill. Sup. Ct. R. 715. One of those conditions is that the applicant must have "been actively and continuously engaged in the practice of law under such license or licenses for at least five of the seven years immediately prior to making application." Ill. Sup. Ct. R. 715(b).

In October 2025, Plaintiff attempted to register to apply for the February 2026 Illinois Bar Examination based on her reliance of her 2014 Rule 715 approval. (Compl. ¶¶ 14-16). However,

IBAB determined she was not eligible to apply to sit for the Illinois Bar Examination as she had not been engaged in the practice of law for at least five of the seven years prior to the submission of her application in October 2025. (Compl. ¶ 15). Plaintiff contends that in denying her application, IBAB applied a new interpretation of Rule 715 that retroactively requires renewed proof of recent practice that she had already verified in 2014. (Compl. ¶ 16).

On November 13, 2025, Plaintiff filed her *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging several constitutional violations against the Defendants. (Doc. 1). In her Complaint, Plaintiff alleges that IBAB's requirement to demonstrate engagement in the practice of law for five years prior to her application violated her First and Fourteenth Amendment rights, as well as the Contracts Clause. (Doc 1 ¶¶ 25-44). In addition to compensatory and punitive damages, Plaintiff seeks a preliminary and permanent injunction prohibiting Defendants from denying Plaintiff admission to the next Illinois Bar Examination based on Rule 715(b) eligibility. (Doc. 1 "Prayer for Relief").

On March 23, 2026, Defendants filed their Motion to Dismiss. (Doc. 11). In their Motion, Defendants raised Eleventh Amendment and quasi-judicial immunity. (Doc. 11 at 4-5). Defendants also argued that Plaintiff failed to state a claim for any constitutional or Contracts Clause violation. (Doc. 11 at 7-16). Furthermore, Defendants argued that Plaintiff also failed to state a claim for injunctive relief. (Doc. 11 at 16-19). Defendants argued that Plaintiff is not entitled to any of the injunctive relief that she seeks because she cannot establish that Defendants' enforcement of Rule 715(b) violates any of her constitutional rights or the Contracts Clause. (Doc. 11 at 18). Additionally, Defendants pointed out that Plaintiff will be unable to demonstrate that she will suffer irreparable harm without the issuance of the injunctive relief sought because she has already received a Rule 715(b) waiver from the Illinois Supreme Court. (Doc. 11 at 18-19; Ex. 2).

On March 30, 2026, Plaintiff filed a Motion for Emergency Injunction, in which she seeks a preliminary injunction ordering Defendants to allow her to sit for the July 2026 Illinois Bar Examination, as allegedly permitted via her Illinois Supreme Court waiver. (Doc. 13).[1] Plaintiff's Motion is premised on Plaintiff's erroneous reading of her own Rule 715(b) waiver and the requirements of Rule 715. Plaintiff received a waiver only for her requirements under Rule 715(b); however, a plain reading of Rule 715 reveals that there are additional requirements for Plaintiff to satisfy before she is permitted to sit for the Illinois Bar Examination. Furthermore, to the extent that Plaintiff seeks preliminary and injunctive relief enjoining Defendants from requiring Plaintiff to re-establish Rule 715 eligibility or deny her application to sit for the next Illinois Bar Examination on that basis, these arguments were already raised in her Complaint and were addressed by Defendants in their Motion to Dismiss (Doc. 11 at 16-19). As such, Plaintiff's Motion appears to be duplicative of the request for injunctive relief that she seeks in her Complaint, and thus her current Motion is frivolously brought. Therefore, Plaintiff's "Emergency Motion for Preliminary Injunction" should be denied.

## LEGAL STANDARD

The purpose of a preliminary injunction is not to conclude the merits of the controversy, but to minimize the hardships to the parties and preserve the status quo until a more considered decision on the merits is possible. *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988); *Lektro-Vend Corp. v. Vendo Co.*, 660 F.2d 255, 264 (7th Cir. 1981). A preliminary injunction is "an

---

[1] Plaintiff also filed a document titled "Plaintiff's Motion for Clarification and Opposition to Defendants' Motion to Dismiss" on March 30, 2026. (Doc. 14). As far as Defendants can tell, this Motion appears to serve as a response to Defendants' Motion to Dismiss (Doc. 11). It is unclear for what Plaintiff seeks clarification, but again, as far as Defendants can tell, Plaintiff seeks an explanation from Defendants about how her Rule 715(b) waiver moots the claims in her Complaint (Doc. 1). As such, Defendants will treat Plaintiff's "Motion" (Doc. 14) as a response to Defendants' Motion to Dismiss (Doc. 11), not an independent motion seeking some sort of relief, and thus will not address its arguments in this Response to Plaintiff's Motion for Preliminary Injunction (Doc. 13).

extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129–130 (2d ed.1995)).

To obtain a preliminary injunction, a plaintiff must demonstrate: (1) a reasonable likelihood of success on the merits; (2) the inadequacy of the remedy at law; (3) the existence of irreparable harm if the injunction is not issued; (4) the threat of harm to the plaintiff if no preliminary injunction is issued outweighs the threatened harm to the defendant if the injunction were issued; and (5) the granting of a preliminary injunction will not disserve the public interest. *Somerset House, Inc. v. Turnock*, 900 F.2d 1012, 1014-1015 (7th Cir. 1990); *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of America*, 549 F.3d 1079, 1086 (7th Cir. 2008). The plaintiff must satisfy each of these elements to prevail. *Somerset House, Inc.*, 900 F.2d at 1015.

## ARGUMENT

In her "Emergency Motion for Preliminary Injunction," Plaintiff seeks from the Court an order estopping Defendants from requiring her to demonstrate Rule 715 eligibility to sit for the July 2026 Illinois Bar Exam. (Doc. 13). In support of her Motion, Plaintiff claims that she has an Illinois Supreme Court waiver that permits her to sit for the July 2026 Bar Exam without having to demonstrate eligibility under Rule 715. (Doc. 13 at 8). As an initial matter, to establish likelihood of success on the merits, a plaintiff must demonstrate "some prospect of prevailing" on the merits of his claim. *Hoosier Energy Rural Elec. Coop. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 730 (7th Cir. 2009). Prevailing on the claim means succeeding in achieving permanently that which the plaintiff requests preliminarily. *See Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891 (7th Cir. 2001). Defendants thus adopt the arguments made in their Motion to Dismiss that Plaintiff has

comprehensively failed to state a claim that Defendants' requirement to demonstrate Rule 715 eligibility violates her First and Fourteenth Amendment rights, or the Contracts Clause. In her instant Motion, Plaintiff advances no argument that raises the likelihood that she will succeed on the merits of the claims in her Complaint. Plaintiff contends that she is likely to succeed on the merits because "Defendants are imposing new conditions that directly contradict and undermine a binding waiver issued by the Illinois Supreme Court, constituting arbitrary and retroactive enforcement in violation of due process." (Doc. 13 at 3). But a plain reading of Plaintiff's own Waiver and the text of Rule 715 demonstrate that Defendants are imposing no "new conditions" or any "retroactive enforcement."

Plaintiff received a waiver from the Illinois Supreme Court that waived her requirement to demonstrate eligibility for only Rule 715(b). (Doc. 13 at 7). As provided *supra*, Rule 715(b) requires that foreign-educated applicants demonstrate that they have "been actively and continuously engaged in the practice of law under such license or licenses for at least five of the seven years immediately prior to making application." Ill. Sup. Ct. R. 715(b). But Rule 715 imposes additional requirements on foreign-educated applicants. For example, foreign-educated applicants are also required to obtain a certificate of good standing in the country or other jurisdiction where they are admitted to practice. *Id*. 715(a). Plaintiff's Rule 715(b) Waiver does not absolve her of the requirement to demonstrate eligibility under Rule 715(a). Thus, to the extent that these alleged "new conditions" that Defendants are imposing in a "arbitrary and retroactive" manner are simply other requirements under Rule 715, Plaintiff cannot demonstrate that she is likely to succeed on the merits of her Complaint.

Additionally, a party seeking preliminary injunctive relief is required to demonstrate that he will suffer irreparable harm that is likely as opposed to a mere remote possibility. *Winter v.*

*Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Plaintiff claims that without a preliminary injunction ordering Defendants to allow her to sit for the July 2026 Bar Examination, she will lose a year of professional opportunity, suffer significant career harm, and lose commercial course registration. (Doc. 13 at 4). But Plaintiff's purported "irreparable harm" that she will suffer if not approved to sit for the July 2026 Bar Examination appears to be neither irreparable nor likely. Plaintiff claims to have a professional and career stake in only the opportunity to sit for the July 2026 Illinois Bar Examination. But Plaintiff makes no claim to have any professional or career stake in the *passage* of what will be her, upon information and belief, eighteenth attempt at the Illinois Bar Examination. As such, Plaintiff's "irreparable harm" appears to be merely a remote possibility. Furthermore, Plaintiff claims that her loss of commercial course registration will be irreparable, but a bar exam course registration appears to be a form of relief that can be both repaired and adequately remedied at law.

Further, Plaintiff states that Defendants face no meaningful harm from granting limited injunctive relief. Defendants disagree. The balance of harms weighs in favor of denying Plaintiff's request for injunctive relief. If Plaintiff's request is denied, nothing prevents her from taking the time to ensure her requirements are met for the February 2027 Illinois Bar Examination. Whereas, if Plaintiff's preliminary injunction is granted, this will demonstrate for Plaintiff as well as other foreign-educated applicants to the Illinois Bar that they can simply sue Defendants instead of following the rules and meeting the requirements of Rule 715. For this same reason, the public interest also weighs in denying Plaintiff's request for a preliminary injunction. Plaintiff provides in conclusory and unarticulated fashion that the public interest favors: "fairness in licensing; non-arbitrary administrative processes; and access to the legal profession." Defendants agree that the public interest favors these principles. However, the granting of Plaintiff's request for preliminary

injunction would be a direct disservice to these principles. If Plaintiff received special consideration to not have to meet the requirements of Rule 715 in order to sit for the July 2026 Bar Examination, this special consideration afforded to her would be unfair and arbitrary to those foreign-educated applicants who worked to meet the Rule's requirements. The granting of Plaintiff's requested relief will demonstrate to those foreign-educated applicants that filing a Motion for Preliminary Injunction may be easier than meeting the requirements under Rule 715. But such a grant of injunctive relief would interfere deeply with the State of Illinois' interest in ensuring the competency of its attorneys. *See Goldfarb v. Va. State Bar*, 421 U.S. 773, 792 (1975). For these reasons, Plaintiff's Motion for Preliminary Injunction should be denied.

**CONCLUSION**

Plaintiff has failed to demonstrate any likelihood that she would succeed on the merits of the claims in her Complaint. Further, the harm that Plaintiff alleges that she will suffer without a grant of her preliminary injunction is both remote, reparable, and adequately remedied at law. Finally, the relief that Plaintiff seeks is contrary to public policy and would serve to micromanage and interfere with the processes of the Illinois Board of Admissions to the Bar.

WHEREFORE, for the forgoing reasons, Defendants respectfully request this Honorable Court deny Plaintiff's Motion for a Preliminary Injunction.

Respectfully submitted,

ILLINOIS BOARD OF ADMISSIONS TO THE BAR, PAULA RAMESY-BROWN and ALEXANDRA N. RICE,

Defendants,

KWAME RAOUL, Attorney General, State of Illinois

Joseph Noonan, 6349602
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Phone: (773) 835-0720
Fax: (217) 782-8767
Email: Joseph.Noonan@ilag.gov
& gls@ilag.gov

Attorney for Defendants.

By: s\Joseph Noonan
    Joseph Noonan, 6349602

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

REMA HEGAZY,               )
                                    )
        Plaintiff,          )
                                    )
        -vs-                  )         No. 25-3349-SEM-DJQ
                                    )
ILLINOIS BOARD OF ADMISSIONS    )
TO THE BAR, et al.,           )
                                    )
        Defendants.       )

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2026, the foregoing document, ***Defendants' Response to Plaintiff's Motion for Preliminary Injunction (Doc. 13)***, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

NONE

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

Rema Hegazy
13 Dunlap Circle
Oxford, MI 48371
Rema.Hegazy@icloud.com

Respectfully submitted,

 s/ Joseph Noonan
Joseph Noonan, 6349602
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Phone: (773) 835-0720
Fax: (217) 782-8767
Email: Joseph.Noonan@ilag.gov
& gls@ilag.gov